The opinion of the court was delivered by
TiiGHMAN, C. J.
This is a sci. fa. on a mortgage given by the defendants to Benjamin Morris, for lands lying part in Berks, and part in Chester county, to recover the payment of certain bonds mentioned in the mortgage. These bonds were given by the defendants to B. Morris, on account of the purchase of the mortgaged premises, winch Morris had conveyed to the defendants by his deed with general warranty. At the time of the purchase and conveyance, part of the lands were in the possession of Mathias Keller, and others, who held by title adverse to Morris. Against these persons or some of them, the defendants brought an ejectment which was tried, and a verdict and a judgment given against them. The plaintiff in error has assigned six errors, the first of vvhich he abandoned.
2.- The second error is, “ that there is no sci. fa. statement, or declaration, showing the plaintiff’s cause of action.” The answer to this objection is, that the action was commenced, by agreement of the parties to enter an amicable action. It appears by the docket, that at Jamiary Term, 1S16, there was an entry of an amicable action of scire facias stir mortgage, which was referred to five arbitrators, after which the rule for arbitration was struck off by consent, and the cause brought to trial. ,-
The practice of entering an amicable action without writ, is very ancient in Pennsylvania, and very convenient. The issuing of the writ is dispensed with, but it is considered as having been issued, and may be filed at any time. The Court of Common Pleas would have given permission to file it, on application of the plaintiff’s or of the defendants’ counsel, and the not filing it, is one of those palpable omissions which this court has a right to supply. It may be considered as one of those clerical errors, which may always be amended, and which we may treat, as having been already amended. The agreement to enter the amicable action, contains a description of the mortgage, and both parties were'perfectly apprized of the -matter on which they went to trial. It was the business of the plaintiff to file the sci. fa. if he thought it necessary, and therefore, the complaint that it was not filed, comes with a very ill grace from his mouth. Then supposing the sci. fa. to *174 be filed, there was no need of a declaration ; the cause of action being sufficiently described in the writ. It is the constant practice, to plead to the sci. fa. as was done in this case, without a declaration. Consequently the issue was well joined, and this exception falls to the ground.
3 The third exception is, “that the court below erred, in admitting in evidence, the record of the ejectment in Berks county, brought by the defendants against Mathias Keller.” This record was offered in evidence by the defendants under the plea of payment with leave, &c., notice having been given to the plaintiff of the special matter intended to be offered in evidence. The object of the evidence was, to show, that the consideration of the mortgage had failed, as to the price of so much of the lands conveyed by B. Morris to the defendants, as Morris had no title to. It is settled law, that if a failure of the title is discovered by the purchaser, before he has paid the purchase money, he is entitled to relief by a deduction from the purchase money, to the amount of the land which is lost. This was decided in Steinhauer v. Witman, one of the sti-ongest cases which can be conceived, where the purchaser had received a conveyance from the vendor with no more than a special warranty, and given his bond and mortgage for the purchase money (1 Serg. Rawle, 43S.) The plaintiff’s counsel have endeavoured to distinguish the present case from Steinhauer v. Witman, because there the purchaser was evicted by adverse title. There certainly is this difference, but the principle of the two cases is the same, viz. that the purchaser, being sued on the mortgage, is entitled to relief on account of the failure of title. In the present case, the defendants were under circumstances peculiarly difficult. Having never received possession from the vendor, it was impossible that they could be evicted. Then, what could they do? Was it not expected by the vendor, that an ejectment should be brought? Suppose the defendants had acquiesced in the possession of Keller, till time enough had elapsed to bar them by the act of limitations. Could they after that have recovered on their general warranty? Might not the vendor very justly have said, that the land was lost by their own fault, and therefore, he ought not to be responsible? But the plaintiff’s counsel say, that granting the defendants were right in bringing the ejectment against Keller, yet the record is not evidence, because the plaintiff received no notice of that suit, and therefore, lost the opportunity of showing that his title was good. To a certain extent this argument is sound, but not the extent contended for. If it be true, that the plaintiff received'no notice of the ejectment against Keller, he was not bound by the verdict and judgment in that case, but might" have proved, on the trial below, that his title was good. The record was evidence against him, but not conclusive. By being permitted to prove his title, in the present action, he had every advan *175 tage that he was entitled to. This principle was established, in Leather v. Poultney, 4 Binn. 356. The same principle prevails in actions on bonds of indemnity. Jl. gives to B. a bond of indemnity against the title of C. C. brings suit against B., and evicts him, after which B. brings an action against Jl. on the bond of indemnity. B. may give the eviction in evidence, whether Jl. had received notice of C’s. suit or not, but if he had not notice, he is permitted to show, that the title of C.. was not good, and Nought not to have been evicted. ,1 am therefore, of opinion, that the record of the ejectment against Kelhr, was good evidence.
4. The fourth error is, “that although it appeared in evidence, that four of the bonds secured by the mortgage on which this suit was brought, were assigned to George Emlen, and four others to Edward and Isaac Pennington, yet the cause was afterwards tried without, notice to them, and'their rights have been decided upon, in a suit, of- which they had no notice, and to which they were no parties.” This exception was very faintly urged by the counsel for the plaintiff in error, and certainly it did not deserve any great exertion-. It appears by the record, that in order to obviate this very objection, the plaintiff stipulated, before .the trial, “that the whole .interest under the mortgage, including the bonds assigned to Emlen, 8,'C. was in the executors of John Smith and John Bishop, and not in any other person or persons.” It would be strange indeed, if after this, the plaintiff should be permitted to make the objection now under -consideration. And as for Emlen and the other supposed assignees, they do not complain, nor have they ever complained of being injured. There is no weight,therefore, in this exception.
5. The fifth error is, “ that the mortgaged premises being part in the county of Chester, the trial in the county of Berks was a mis-triál.” Here again the plaintiff endeavours to avail himself of his own error, if any error there was in proceeding on the whole mortgage in the county of Berks. But how have the defendants been to blame? Suppose they might have pleaded in abatement, that part of the lands are'situate in Chester county, yet they were not bound to take this advantage. Their plea was payment, which went to the whole mortgage, in whatever county the action might be brought. On that issue there was no mistrial. If the plaintiff had obtained a verdict and judgment, and issued a levari facias, directed to the sheriff of Berks, to sell the land as well in Chester &s in Berks county, *perhaps he might have involved himself in difficulty. Neither w ill I say, whether there would not have been error in the judgment, if there had been an award of executors, by sale of the lands in both counties. The present judgment is clear of all these difficulties. The verdict was for the defendant on the issue of payment, and the judgment is, that they go without *176 day, which is all right. I am, therefore, of opinion, that the fifth error has not been supported.
6. The last exception is, “that the defendants should have tendered a reconveyance of the lands to which they say JB. Morris had no title, before they could claim a deduction from the purchase money, under the plea of payment.” If, indeed, Morris had no title, it would have answered no purpose to execute a reconveyance. Or, if the plaintiff had been willing to make an allowance for defect of title, on receiving a reconveyance, there might have been something in this exception. But such is not the case. The defendants’ plea is an equitable one; that they ought not to be compelled to pay for lands, the title of which is defective. And they have offered and engaged to make a reconveyance, in case the judgment shall be affirmed. There is no danger, therefore, of the plaintiff suffering any injury for w mt of a reconveyance. But if strict law is insisted on, the defendants have made good their plea, by the verdict of the jury; and it is now to be supposed, that no title was conveyed to them, and therefore, there was nothing to reconvey.
It is the duty and the inclination of this court, to administer justice, with equity, as far as the law will permit. It does not appear, that on, or previous to the trial of this cause, the plaintiff showed any disposition to make an allowance to the défendants for the land lost in the ejectment against Keller, provided a reconveyance was executed. But it does appear, that the defendants have been willing, and are still willing to execute a reconveyance, on receiving such allowance. All the equity, therefore, is on the side of the defendants, and under all circumstances, I am of opinion, that there was no error in admitting the defendants’ evidence, although they had not tendered a reconveyance.
The judgment of the Court of Common Pleas is to be affirmed.
Judgment affirmed.